# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HENRIETTA KELLEY | CIVIL ACTION |
| --- | --- |
| v. | NO. 19-0626 |
| STATE FARM FIRE & CASUALTY CO. | |

### MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                         **June 10, 2019**

      This case involves an alleged breach of contract and bad faith conduct on the part of Defendant State Farm Fire and Casualty Co. in denying Plaintiff Henrietta Kelley's claims for reimbursement under an insurance policy between the two parties. State Farm now moves to dismiss the bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 3).

      For the reasons stated below, the Motion to Dismiss is GRANTED.

**I.**     **Factual and Procedural History**

      Taking Kelley's allegations as true from her Complaint (ECF 1 at Ex. C, "Compl." or "Complaint"), the facts are as follows. In 2017, Defendant State Farm issued Policy Number 78-CN-3023-5 (the "Policy"), renewing Plaintiff Henrietta Kelley's insurance policy for her residence at 103 Maple Ave, Hatboro, PA 19040. (Compl. ¶ 4; Compl. at Ex. A). Around January 7, 2018, a water pipe burst at this residence, causing structural damage and property loss and rendering the premises "uninhabitable for an extended course of time," reimbursement for which is allegedly covered by the terms of the Policy (Compl. ¶¶ 6-8). Kelley claims to have satisfied all contractual conditions for reimbursement, from submitting timely notification of the damage to cooperating with State Farm's subsequent investigation by providing requested relevant information, written proof of the estimated damages and repair costs, bills, and receipts for meals and lodging. (Id. ¶¶ 9-

11). State Farm then provided only partial reimbursement and indemnification, denying some of Kelley's property loss claims. (Id. ¶ 12).

On January 17, 2019, Kelley filed a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, comprised of the following counts:

Count I:        Breach of contract.

Count II:       Bad faith under Pennsylvania statute 42 Pa. C.S.A. § 8371.

The Complaint was removed to federal court on February 13, 2019 under diversity jurisdiction.[1] (ECF 1, "Notice of Removal"). On February 20, 2109, State Farm moved to strike Kelley's request for attorneys' fees and court costs from Count I because under Pennsylvania law, attorneys' fees are only recoverable as damages for express statutory, contractual, or other established exceptions, none of which apply in the present case. (ECF 3-2, "Def.'s Br.," at 2). Kelley agreed to strike the language, and this Memorandum does not address the issue further. (ECF 6, "Stipulation"). In the same motion, State Farm also moved to dismiss Count II in its entirety. (Def.'s Br. at 3). Kelley filed a response in opposition on March 4, 2019. (ECF 4-1, "Pl.'s Resp.").

## II.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] State Farm's principal place of business is in Illinois; Kelley is a citizen of Pennsylvania.

The Court in Iqbal explained that, although a court must accept as true all the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## III. Discussion

Kelley asserts that State Farm acted in bad faith, pursuant to 42 Pa. C.S.A. § 8371, in failing to fully reimburse Kelley for the claimed damages and property loss. State Farm has moved to dismiss this claim under Rule 12(b)(6) because it fails to allege specific, sufficient factual support beyond "naked assertions of liability or recitations of [legal] elements." (Def.'s Br. at 4). Additionally, State Farm argues that Kelley's bad faith claim merely reiterates her claim for breach of contract without alleging any additional factual support, is therefore fundamentally flawed, and should be dismissed with prejudice. (Id. at 5).

42 Pa. C.S.A. § 8371 provides a statutory remedy for bad faith conduct by insurers in investigating and reimbursing claims, under which courts may award plaintiffs interest, punitive damages, and court costs and attorneys' fees. Pennsylvania has adopted a two-prong test for determining whether a complaint makes a facially plausible claim under § 8371. Under this test,

3

a plaintiff must allege the defendant insurer 1) lacked a reasonable basis for denying payment, and 2) knew or recklessly disregarded its lack thereof. Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 689-90 (Pa. Super. 1994). See also Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 376 (Pa. 2017) (adopting Terletsky's test).[2]

Alleging an insurer failed to pay plaintiff for claims covered by an insurance policy, even if the loss-causing incident is uncontested and plaintiff allegedly fulfilled all prior conditions, does not itself state a plausible claim for unreasonableness. See Eley v. State Farm Ins. Co, No. 10-CV-5564, 2011 WL 294031, at *5 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) (dismissing a § 8371 claim alleging only that the insurer had no reasonable basis to deny a claim for a covered injury given plaintiff's compliance with all precedent conditions of the insurance policy); Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) (Gardner, J.) (concluding that allegations of water damage covered under a prior insurance policy with fully paid premiums were insufficient to factually support a plausible bad faith claim).

Further, mere averment that an insurer had no reasonable basis for refusing to reimburse a plaintiff is a conclusory legal statement, not a factual allegation. Id. Lack of a reasonable basis may be inferred from "[r]eckless indifference to facts or to proofs submitted by the insured." Rancosky, 170 A.3d at 375 (quotation omitted).[3] However, "the mere fact that [insurer] denied [plaintiff's] request for coverage," without factual specifics as to "who, what, where, when, and

---

[2] Terletsky bases its test in part on Black Law Dictionary's definition of bad faith, which includes "self-interest or ill-will" on the insurer's part. However, both Klinger and Rancosky declined to require a showing of such "dishonest purpose" and only adopted the two-prong test actually applied by the Terletsky court. See Klinger, 115 F.3d at 233; Rancosky, 170 A.3d at 377.

[3] Here, Rancosky directly quotes Anderson v. Continental Ins. Co., 271 N.W.2d 368, 376 (Wis. 1978), and adopts that court's standard of proof for bad faith liability.

how" such denial was unreasonable, does not plausibly show reckless indifference. Blasetti v. Allstate, No. CIV.A. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (O'Neill, J.) (quoting Liberty Ins. Corp. v. PGT Trucking, Inc., No. 11-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)).

Here, Kelley alleges that State Farm "possesses no evidence that the plaintiff's losses did not occur and were not substantiated." (Compl. ¶ 20). That contention is unsupported by any factual allegations showing reckless indifference. In support of her legal conclusion that State Farm had no reasonable basis for refusing reimbursement (Id. ¶ 21), Kelley alleges only that the present damage was covered under her insurance policy and that she complied with the policy's terms when seeking coverage, in part by sending written documentation of claimed damages. (Id. ¶¶ 1-19). As in Eley and Atiyeh, these allegations are insufficient. Kelley essentially asks the Court to infer unreasonableness from State Farm's failure to reimburse expenses for meals and lodging alone, without clarifying what expenses were submitted, when they were rejected, and whether or how State Farm responded. (Pl.'s Resp. at 3). As the Third Circuit has noted, "failure to immediately accede to a demand [under an insurance policy] cannot, without more, amount to bad faith." Pasqualino v. State Farm Mut. Auto. Ins. Co., No. Civ.A. 15-0077, 2015 WL 3444288, at *4 (E.D. Pa. May 28, 2015) (Buckwalter, J.) (quoting Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 137 (3d Cir. 2012)).

Kelley also fails to meet Terletsky's second prong, which requires Kelley to allege State Farm's knowing or reckless disregard of its lack of reasonable basis. Her complaint fails to address the issue altogether; her response to State Farm's motion alleges State Farm's knowledge but offers no supporting factual allegations. (Pl.'s Resp. at 3).

Kelley has therefore failed to state a plausible bad faith claim under 42 Pa. C.S. § 8371. See Pasqualino, 2015 WL 3444288, at *5 (declining to infer insurer's knowledge or disregard from plaintiff's "cursory allegations" of unreasonableness alone). However, Federal Rule of Civil Procedure 15(a)(2) dictates that courts "freely give leave [to amend] when justice so requires." The Third Circuit accordingly permits curative amendment of a complaint dismissed under Rule 12(b)(6) unless such amendment would be inequitable or futile. See, e.g., Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In the present case, a first-time amendment would not be inequitable to State Farm. Neither would it be futile; this Court has routinely permitted curative amendment of § 8371 claims dismissed for inadequate factual support. See, e.g., Pasqualino, 2015 WL 3444288; Purcell v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 11-7004, 2012 WL 425005 (E.D. Pa. Feb. 10, 2012); Eley, 2011 WL 294031. Kelley's bad faith claim is therefore dismissed without prejudice.

### IV. Conclusion

For the reasons stated above, Defendant State Farm's Motion to Dismiss (ECF 3) is GRANTED WITHOUT PREJUDICE.

An appropriate Order follows.

O:\CIVIL 19\19-626 Kelley v State Farm\19cv0626 Memo re Mot to Dismiss